1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    HERIBERTO HERNANDEZ DELOSSA,          Case No. 24-cv-06285-JST

8              Plaintiff,

9         v.                              **ORDER OF PARTIAL SERVICE;
                                          DISMISSING PROPOSED CO-
10   BASS, et al.,                        PLAINTIFFS; DISMISSING
                                          DEFENDANT CASTILLO WITH
11            Defendants.                 LEAVE TO AMEND**

12

13        Plaintiff, an inmate currently housed at San Quentin Rehabilitation Center ("SQRC") has

14   filed a *pro se* action pursuant to 42 U.S.C. § 1983.  In this order, the Court screens Plaintiff's

15   complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915A.  Plaintiff has been granted leave to

16   proceed *in forma pauperis* in a separate order.

                                     **DISCUSSION**
17

18   **A.    Standard of Review**

19        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

21   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

22   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

24   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

25   989, 993 (9th Cir. 2020).

26        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

28   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

United States District Court
Northern District of California

United States District Court
Northern District of California

1    grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2    While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3    the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4    A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5    cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a

7    right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8    violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9    U.S. 42, 48 (1988).

10   **B.    Complaint**

11       The complaint states that it is brought on behalf of Plaintiff, inmates John Riley and Jesse

12   Rose, and "over 100 plaintiffs."[1]  The complaint names as defendants SQRC correctional officials

13   Lieutenant Bass; Sergeants Simpson and Taylor; and Officer Castillo.  The complaint alleges that

14   on October 8, 2022, defendants Bass, Simpson, and Taylor ordered a correctional officer to

15   perform an unclothed body search of Plaintiff as various female correctional officers watched.

16   Plaintiff was traumatized emotionally and mentally by this event.  The attachments to the

17   complaint indicate that the strip search was conducted without the benefit of privacy shields and

18   required that Plaintiff expose his genitals and anus.  The complaint seeks monetary damages. *See*

19   *generally* ECF No. 1.

20       The Court dismisses proposed co-plaintiffs inmates John Riley and Jesse Rose from this

21   action.  Neither of these inmates has signed the complaint, filed applications for leave to proceed

22   *in forma pauperis*, or otherwise indicated that they wish to bring this action.  In any event, this

23   action may not proceed with co-plaintiffs.  Generally, a *pro se* plaintiff is prohibited from pursuing

24   claims on behalf of others in a representative capacity. *See Simon v. Hartford Life, Inc.*, 546 F.3d

25

26   ―――――――――――――――
[1] The complaint in this action appears to be identical to the complaints filed in the following cases:
27   C No. 24-cv-5348 JST, *Sierra v. Bass, et al.*; C No. 24-cv-6262 JST, *Yepez v. Bass, et al.*; C No.
     24-cv-6286 JST, *Hernandez v. Bass, et al.*; C No. 24-cv-6420 JST, *Dominguez v. Bass, et al.*; C
28   No. 24-cv-6428 JST, *Jimenez v. Bass, et al.*; C No. 24-cv-6667 JST, *Pulido Segura v. Bass, et al.*;
     and C No. 24-cv-7502, *Mejia v. Bass, et al.*

United States District Court
Northern District of California

1    661, 664-65 (9th Cir. 2008); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a

2    litigant appearing in propria persona has no authority to represent anyone other than himself"); *see*

3    *also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam) ("Ability to protect

4    the interests of the class depends in part on the quality of counsel, and we consider the competence

5    of a layman representing himself to be clearly too limited to allow him to risk the rights of

6    others.") (citation omitted).  This dismissal of inmates John Riley #BR4912 and Jesse Rose

7    #A43064 from this action is without prejudice to each inmate filing a separate action should they

8    so wish.  The Clerk is directed to send inmates John Riley #BR4912 and Jesse Rose #A43064 two

9    copies of the court's complaint form.

10          The Court also DISMISSES defendant Castillo from this action.  Although defendant

11   Castillo is named as a defendant, the complaint makes no allegations regarding defendant Castillo.

12   The Court GRANTS Plaintiff leave to file an amended complaint bringing claims against

13   defendant Castillo.

14          Liberally construed, the complaint states a cognizable claim against Lieutenant Bass and

15   Sergeants Taylor and Simpson for violations of the Fourth and Fourteenth Amendments.  *Byrd v.*

16   *Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1142 (9th Cir. 2011) (en banc) ("*Byrd I*") (cross-

17   gender strip search that involves touching inmate's genitalia and searching inside anus

18   unreasonable as matter of law in non-emergency situation); *Byrd v. Maricopa Cnty. Bd. of*

19   *Supervisors*, 845 F.3d 919, 922-24 (9th Cir. 2017) ("*Byrd II*") (whether cross-gender strip search

20   violates Fourth Amendment prohibition on unreasonable search and seizure depends on (1) scope

21   of particular intrusion, (2) manner in which it is conducted, (3) justification for search, and

22   (4) place in which it is conducted; whether cross-gender search violates Fourteenth Amendment

23   right to bodily privacy depends on (1) whether there is valid, rational connection between search

24   and legitimate governmental interest put forward to justify it; (2) whether there are alternative

25   means of exercising Fourteenth Amendment right; (3) impact accommodation of Fourteenth

26   Amendment right will have on guards and other inmates, and on allocation of prison resources;

27   and (4) availability of ready alternatives); *Michenfelder v. Sumner*, 860 F.2d 328, 334 (9th Cir.

28   1988) (in determining whether right to bodily privacy violated, relevant whether female officers

3

1    regularly or frequently observe unclothed inmates without legitimate reason).

2                                                    **CONCLUSION**

3          For the reasons set forth above, the Court orders as follows.

4          1.      The following defendant(s) shall be served: San Quentin Rehabilitation Center

5    Lieutenant C. Bass, Sgt. M. Taylor, and Sgt. E. Simpson.

6          2.      Service on the listed defendant(s) shall proceed under the California Department of

7    Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners

8    in the CDCR's custody.  In accordance with the program, the Clerk is directed to serve on the

9    CDCR via email the following documents: the operative complaint (ECF No. 1), this order of

10   service, a CDCR Report of E-Service Waiver form and a summons.  The Clerk also shall serve a

11   copy of this order on the Plaintiff.

12         No later than 40 days after service of this order via email on the CDCR, the CDCR shall

13   provide  the court a completed CDCR Report of E-Service Waiver advising the court which

14   defendant(s) listed in this order will be waiving service of process without the need for service by

15   the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or

16   could not be reached.  The CDCR also shall provide a copy of the CDCR Report of E-Service

17   Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court

18   a waiver of service of process for the defendant(s) who are waiving service.

19         Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

20   defendant who has not waived service according to the CDCR Report of E-Service Waiver a

21   USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies

22   of this order, the summons, and the operative complaint for service upon each defendant who has

23   not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-

24   Service Waiver.

25         3.      The Court DISMISSES proposed co-plaintiffs John Riley #BR4912 and Jesse Rose

26   #A43063 from this action without prejudice to each inmate filing a separate action should they so

27   wish.  The Clerk is directed to send John Riley and Jesse Rose a courtesy copy of this order and

28   two copies of the court's complaint form to San Quentin Rehabilitation Center.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

4.      The Court DISMISSES defendant Castillo from this action with leave to amend.  If Plaintiff wishes to file an amended complaint alleging claims against defendant Castillo, he must file the amended complaint within twenty-eight (28) days of the date of this order.  The amended complaint must include the caption and civil case number used in this order, Case No. 24-cv-06285 JST (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, including the claims found cognizable above and the defendants ordered served above.  Plaintiff may not incorporate material from the prior complaint by reference.  Failure to file an amended complaint in accordance with this order in the time provided will result in ECF No. 1 remaining the operative complaint and defendant Castillo being dismissed from this action with prejudice. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5.      As detailed above, the complaint states a cognizable Fourth Amendment claim and a cognizable Fourteenth Amendment claim against defendants Bass, Taylor, and Simpson.

6.      This case has been related to ten other cases which concern the same strip search. ECF No. 12.  Defendants have filed an administrative motion to modify scheduling orders and establish a bellwether case.  ECF No. 13.  In light of this pending motion, the Court will not set a briefing schedule at this time.

7.      All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel.  The Court may disregard any document which a party files but fails to send a copy of to his opponent.  Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

1    No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required

2    before the parties may conduct discovery.

3        9.    Plaintiff is responsible for prosecuting this case.  Plaintiff must promptly keep the

4    Court informed of any change of address and must comply with the Court's orders in a timely

5    fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant

6    to Federal Rule of Civil Procedure 41(b).  Plaintiff must file a notice of change of address in every

7    pending case every time he is moved to a new facility.

8        10.    Any motion for an extension of time must be filed no later than the deadline sought

9    to be extended and must be accompanied by a showing of good cause.  Plaintiff is cautioned that

10   he must include the case name and case number for this case on any document he submits to the

11   Court for consideration in this case.

12       **IT IS SO ORDERED.**

13   Dated:  March 5, 2025



14                                    JON S. TIGAR
15                                    United States District Judge

6